IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

EMMA HAMM,

    Plaintiff,

v.

CREDITORS FINANCIAL GROUP LLC, a New York limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Emma Hamm, is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Creditors Financial Group LLC, is a New York limited liability company operating from an address at 3131 S. Vaughn Way, Suite 120, Aurora, Colorado, 80014.

11. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2010 the Plaintiff's father allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff sent the Defendant a Power of Attorney for her father's Account as her father is in a nursing home and the Plaintiff is handling the Account for her father.

21. In 2010 the Plaintiff received telephone call(s) from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account.

22. In 2010 the Plaintiff called the Defendant and / or representatives, employees and / or agents of the Defendant in response to the telephone call(s).

23. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

24. The telephone call(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

25. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

26. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

27. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

29. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account represented to the Plaintiff that the Account will be reported to the credit bureaus until it is paid.

30. The representation stated in paragraph 29 was false and was a false representation in connection with the collection of a debt, the Account.

31. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account represented to the Plaintiff that she had to dispute the Account in writing and could not dispute the Account over the phone.

32. The representations stated in paragraph 31 were false and were false representations in connection with the collection of a debt, the Account.

33. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account represented to the Plaintiff that it was too late to dispute the Account with the Defendant and that the Account could not be disputed at that time.

34. The representations stated in paragraph 33 were false and were false representations in connection with the collection of a debt, the Account.

35. The Defendant kept written documentation and / or computer note(s) that document telephone calls to the Plaintiff on the Account and telephone calls from the Plaintiff on the Account in 2010.

36. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

37. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

38. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

39. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

40. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

41. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

42. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

43. The representatives and / or collectors at the Defendant were employees of the Defendant at all times mentioned herein.

44. The representatives and / or collectors at the Defendant were agents of the Defendant at all times mentioned herein.

45. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

46. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

47. The representatives and / or collectors at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

48. The representatives and / or collectors at the Defendant were under the direct control of the Defendant at all times mentioned herein.

49. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

50. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

53. The Defendant's violations are multiple, willful and intentional.

54. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff